```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JULIUS C. BAILEY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       16-CV-7184(JS)(GRB)

SUNRISE SENIOR LIVING MANAGEMENT,
INC.,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Julius C. Bailey, pro se
                    120 Columbia Street
                    Huntington Station, NY 11746-1220

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On December 27, 2016, pro se plaintiff Julius C. Bailey ("Plaintiff") filed a Complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") against Sunrise Senior Living Management, Inc. ("Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's claims are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND[1]

Plaintiff's Complaint is submitted on the Court's employment discrimination complaint form and seeks to recover monetary damages pursuant to Title VII for the alleged illegal termination, inter alia, of Plaintiff's employment with the Defendant. Although Plaintiff has checked the boxes on the Complaint to allege that Defendant discriminated him based on his national origin and religion (Compl. ¶ 7), he does not identify his national origin or religion and has left blank the spaces that call for Plaintiff's national origin and religion. (Id.)

Plaintiff alleges the following facts:[2]

> I have been discriminated against by the above named respondent based on my national origin and religion. During the course of my employment with respondent, I made numerous complaints regarding the hostile work environment created by several Haitian servers, specifically regarding their lack of respect for my religious beliefs. As a result of my many complaints, on August 11, 2016, I had a meeting with Patrice Johns of HR, John Hudson the Executive Director and Ryan Monahan, my supervisor. During the meeting, I explained my position and the hostile work environment created by Haitian women. At one point during the meeting Ms. Johns state "you are not a Christian", which made me very uncomfortable. She then told me to return to work. About an hour later, Ryan informed me that Ms. Johns said

---

[1] All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> I should go home and they would pay me for the day. The next day I received a call from John Hudson who said Patrice Johns said not to come back on the property. I have not been scheduled to work since. At no time did anyone tell me I was terminated or why I couldn't return to work. By subjecting me to disparate treatment & harassment, Respondent has violated Title VII of the Civil Rights Act of 1964, as amended and all applicable state & local statutes.

(Compl. ¶ 8, and at 5.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197,

200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Plaintiff's Employment Discrimination Claims

Title VII prohibits an employer from discriminating against any individual regarding "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). "The sine qua non of a [religion]-based [or national origin-based] discriminatory action claim under Title VII is that the discrimination must be because of [one's religion or national origin." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007)

4

(emphasis in original) (internal quotation marks and citation omitted).

Here, although Plaintiff's Complaint broadly alleges that he was subjected to a religion-based or national origin-based adverse employment action, there are no facts set forth in the Complaint from which the Court could reasonably infer a religious-based, or national origin-based motivation for such action. Indeed, with regard to his claim of discrimination based on religion, Plaintiff alleges only that the Human Resources representative stated, "You are not a Christian." (Compl. at 5.) It does not allege, for example, that individuals of a different national origin or religion from Plaintiff were given preferential treatment when compared to Plaintiff or that Plaintiff was subjected to any specific national origin-based or religion-based remarks that may demonstrate a discriminatory animus. As is readily apparent, the Complaint is devoid of any facts in support of a national origin-based or religion-based discrimination claim. Although Plaintiff is not required "to plead specific facts to show a prima facie case of discrimination, . . . dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim." Maldonado v. George Weston Bakeries, 441 F. App'x 808, 808-09 (2d Cir. 2011) (internal quotation marks and citation omitted); see also Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015)

5

(Although a plaintiff need not allege facts establishing every element of a prima facie case of employment discrimination, the facts alleged must give "plausible support to a minimal inference of discriminatory motivation.").

Accordingly, because the Complaint does not allege a plausible employment discrimination claim under Title VII, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Memorandum and Order. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order, 16-CV-7184(JS)(GRB), and shall be filed within thirty (30) days from the date of this Memorandum and Order. If Plaintiff files an Amended Complaint within the time allowed, the Court shall screen it pursuant to 28 U.S.C. § 1915. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter, and this case shall be closed.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with the guidance set forth above within thirty (30) days from the date of this Memorandum & Order.

If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter and this case shall be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff at his last known address.

SO ORDERED.

<u>/s/ JOANNA SEYBERT    </u>
Joanna Seybert, U.S.D.J.

Dated:  May __31__, 2017
        Central Islip, New York