```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JULIUS C. BAILEY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       16-CV-7184(JS)(GRB)

SUNRISE SENIOR LIVING MANAGEMENT,
INC.,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Julius C. Bailey, pro se
                    120 Columbia Street
                    Huntington Station, NY 11746-1220

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On December 27, 2016, pro se plaintiff Julius C. Bailey ("Plaintiff") filed a Complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") against Sunrise Senior Living Management, Inc. ("Defendant"), accompanied by an application to proceed in forma pauperis. By Memorandum and Order dated May 31, 2017, the Court granted Plaintiff's application to proceed in forma pauperis, and sua sponte DISMISSED Plaintiff's Complaint WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and GRANTED LEAVE TO FILE AN AMENDED COMPLAINT. On June 30, 2017, Plaintiff timely filed an Amended Complaint. For the reasons that follow, the Amended Complaint, like the original Complaint, does not state a plausible claim and is thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons that follow.

BACKGROUND[1]

Plaintiff's original Complaint was submitted on the Court's employment discrimination complaint form and sought to recover monetary damages pursuant to Title VII for the alleged illegal termination, inter alia, of Plaintiff's employment with Defendant. Although Plaintiff checked the boxes on the form Complaint to allege that Defendant discriminated against him based on his national origin and religion (Compl. ¶ 7), he did not identify his national origin or religion on the form complaint and left blank the spaces on the form Complaint that called for his national origin and religion. (Id.) Nor did Plaintiff set forth the basis for his claims of discrimination in the body of the Complaint. (See Compl., generally).

Accordingly, by Memorandum and Order dated May 31, 2017 (the "M&O"), the Court sua sponte dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. (See Docket Entry 6.) The M&O made clear that "[t]he sine qua non of a [religion]-based [or national origin-based] discriminatory action claim under Title VII is that the discrimination must be because of [one's religion or national origin." See M&O at 4-5 (quoting Patane v. Clark, 508 F.3d 106,

---

[1] All material allegations in the Complaint and are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

2

112 (2d Cir. 2007) (emphasis in original) (internal quotation marks and citation omitted)). The Court explained that, notwithstanding Plaintiff's broad allegations that he was subjected to a religion-based or national origin-based adverse employment action, there were simply no facts set forth in the Complaint from which the Court could reasonably infer a religious-based, or national origin-based motivation for such action. (M&O at 5.) Accordingly, the Court GRANTED Plaintiff leave to file an Amended Complaint to properly allege some facts in support of his discrimination claims.

### The Amended Complaint

Notwithstanding the Court's clear guidance concerning the requirements of a plausible Title VII claim, Plaintiff's Amended Complaint does not address the deficiencies noted in the M&O. Rather, Plaintiff's submission states, "I spoke to an attorney and he said to simply say it [the claim] is for employment discriination [sic] and wrongful termination." (Am. Compl. at 2.) The balance of the Amended Complaint alleges, in its entirety:

> I informed my boss, the Human Resources Department and the Executive Director, who did nothing to stop the discrimination and it went on until I finally had the regional manager come in and tell me I am not a Christian, when indeed A [sic] I Am and everyone there knew it. I always told everyone there that "I was too Bless to be Stress" and everyone there starting using my line. The Haitian girls here was cursing and creating a hostile work environment and when I complained nothing was done to correct it.

(Am. Compl. at 2-3.)

3

Although the brief Amended Complaint does not include any statute(s), the Court presumes that Plaintiff's claims continue to arise under Title VII. However, like the original, Plaintiff does not set forth any facts from which the Court could reasonably infer a religious-based, or national origin-based motivation for Plaintiff's claimed "wrongful termination." As the M&O made clear, "Title VII prohibits an employer from discriminating against any individual regarding 'compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.'" (M&O at 4 (quoting 42 U.S.C. § 2000e-2(a)(1)).) Plaintiff's Amended Complaint simply repeats the same facts asserted in the original Complaint. Indeed, with regard to his claim of discrimination based on religion, Plaintiff alleges in both the Complaint and Amended Complaint only that the Human Resources representative stated, "You are not a Christian." (Compl. at 5; Am. Compl. at 2-3.) Plaintiff does not allege, for example, that individuals of a different national origin or religion from Plaintiff were given preferential treatment when compared to Plaintiff or that Plaintiff was subjected to any specific national origin-based or religion-based remarks that may demonstrate a discriminatory animus, notwithstanding the Court's clear guidance as set forth in the M&O. (See M&O at 5-6.)

As is readily apparent, the Amended Complaint, like the original Complaint, is devoid of any facts in support of a national

4

origin-based or religion-based discrimination claim.  Although Plaintiff is not required "to plead specific facts to show a <u>prima facie</u> case of discrimination, . . . dismissal is nevertheless appropriate where the plaintiff failed to allege even the basic elements of a discriminatory action claim."  <u>Maldonado v. George Weston Bakeries</u>, 441 F. App'x 808, 808-09 (2d Cir. 2011) (summary order) (internal quotation marks and citation omitted); <u>see also Littlejohn v. City of N.Y.</u>, 795 F.3d 297, 311 (2d Cir. 2015) (Although a plaintiff need not allege facts establishing every element of a <u>prima facie</u> case of employment discrimination, the facts alleged must give "plausible support to a minimal inference of discriminatory motivation.").

Accordingly, because the Amended Complaint does not allege a plausible employment discrimination claim under Title VII, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of the Court is DIRECTED to mail a copy of the Memorandum and Order to the Plaintiff at his last known address and to mark this case CLOSED.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Amended Complaint is <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is

5

DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is DIRECTED to mail a copy of the Memorandum and Order to the Plaintiff at his last known address and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  18 , 2017
       Central Islip, New York